1  MICHAEL C. MILLS, ESQ.
   Nevada Bar No. 003534
2  TERRY KINNALLY, ESQ.
   Nevada Bar No. 006379
3  MILLS & ASSOCIATES
   3650 N. Rancho Drive, Ste. 114
4  Las Vegas, Nevada  89130
   (702) 240-6060 Telephone
5  (702) 240-4267 Facsimile

6  *Attorneys for Defendant*
   *INFINITYAUTO INSURANCE COMPANY*
7

8              UNITED STATES DISTRICT COURT

9                 DISTRICT OF NEVADA

10 TARA ANN SHERWIN,
                                          Case No. 2:11-cv-00043-JCM-LRL
11         Plaintiff,

12 vs.

13 INFINITY AUTO INSURANCE COMPANY,
   DOES I – X, and ROE CORPORATIONS I –
14 X, inclusive,

15         Defendants.

16

17

18       **MOTION TO COMPEL COMPUTATION OF DAMAGES**

19         COMES NOW Defendant INFINITY AUTO INSURANCE COMPANY by and

20 through its counsel of record, Michael C. Mills, Esq. of the law firm of Mills & Associates

21 and files this Motion to Compel Computation of Damages.  This Motion is based upon

22 all of the Memorandum of Points and Authorities set forth below, the Affidavit of Michael

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///



C. Mills, Esq. in Support of this Motion, all pleadings and papers on file herein and any argument allowed at the time of the hearing of this matter.

DATED 24 May 2011

MILLS & ASSOCIATES



MICHAEL C. MILLS, ESQ.
Nevada Bar No. 003534
TERRY KINNALLY, ESQ.
Nevada Bar No. 006379
3650 N. Rancho Dr., Ste. 114
Las Vegas, NV 89130
*Attorneys for Defendant*
*INFINITYAUTO INSURANCE COMPANY*

## POINTS & AUTHORITIES

### I. FACTS

On March 31, 2009, Plaintiff was hurt in an auto accident.  [Docket No. 15, ¶ 7].  She filed a claim with the opposing driver's insurance company.  That carrier paid its driver's bodily injury liability limits.  [*Id.* at ¶ 11].  .

Plaintiff then filed a claim with Infinity Auto Insurance Company seeking benefits from the underinsured motorist section of the policy that covered the car she was driving.  [*Id.* at ¶ 13].  Defendant Infinity Auto Insurance Company made a payment to Plaintiff but it wasn't enough to settle the dispute.  [*Id.* at ¶¶ 14-15].

Plaintiff filed a Complaint [1-2] and has since filed an Amended Complaint [15].  The Amended Complaint alleges the following Causes of Action:

FIRST        :      Breach of Contract

SECOND    :      Contractual Breach of Implied Covenant of Good Faith

THIRD       :      Tortious Breach of Implied Covenant of Good Faith

FOURTH    :      Bad Faith

FIFTH         :      Unfair Trade Practices

The Prayer seeks damages to include special, general and punitive damages.

Mills & Associates
Attorneys and Counselors at Law
3650 N. Rancho Dr., Ste. 114
Las Vegas, NV 89130
(702) 240-6060

In her first three disclosures made pursuant to Fed. R. Civ. P. 26, the Plaintiff has included "Computations of Damage" as required by Rule 26(a)(1)(A)(iii).  Each of those computations has been substantially similar.  Plaintiff served the most recent production on March 3, 2011.  That most recent production is attached as Exhibit A.  The computation of damages included with that production reads as follows:

<u>FED. R. CIV. P. 26(A)(1)(C) STATEMENT</u>

Plaintiff **TARA SHERWIN's** total special damages to date are **$164,468.00** - discovery is continuing.  Plaintiff's general damages are in an amount in excess of $10,000.00 and will be determined at trial.  Plaintiff also seeks punitive damages in an amount to be determined by the Court.

On April 27, 2011, counsel for the parties conducted a telephonic a dispute resolution conference in compliance with LR 26-7in a good faith attempt to resolve the dispute.  At the conference, Defendant's attorney communicated with Adam Smith, Esq., counsel for the Plaintiff that the Computation of Damages was inadequate and that it should be supplemented to provide "a computation of each category of damages" including each element of past and future special damage, general damages and punitive damages related to the causes of action that were pled.  Defendant asked that that supplement be provided ten (10) days of the date of the conference.  Plaintiff has not updated the computation in any way since the request.  The Affidavit of Michael Mills, Esq. in support of Defendant's Motion to Compel Computation of Damages is attached hereto as Exhibit B.

## II.  LAW & ARGUMENT

Fed. R. Civ. P. 26(a)(1)(A)(iii) provides as follows:

**Rule 26**
**Duty to Disclose; General Provisions Governing Discovery**
(a) Required Disclosures.
(1) Initial Disclosures.
(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
* * *

Mills
Associates
Attorneys and Counselors at Law
3550 N. Rancho Dr., Ste. 114
Las Vegas, NV 89130
(702) 240-6060

(iii) a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;

This portion of the rule is further explained in the Advisory Committee Note to Rule 26(a)(1)(A), wherein it states that the rule

imposes a burden of disclosure that includes the functional equivalent of a standing Request for Production under Rule 34. A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such material had been made under Rule 34.

As explained in the case of *City and County of San Frisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219 (2003) the court explained:

Absent more specific direction from the case law, guidance as to the adequacy of the disclosures must be gleaned from Rule 26(a)'s purpose to "accelerate the exchange of basic information" that is "needed in most cases to prepare for trial or to make an informed decision about settlement." Id., 1993 advisory committee notes, *See Monroig v. RMM Records & Video Corp.*, 194 F.R.D. 388, 392 (D Puerto Rico 2000) (accord). Moreover, early disclosure also functions to assist the parties in focusing and prioritizing their organization of discovery.

Given these purposes, the plaintiff should provide more than a lump-sum statement of the damages allegedly sustained. As one treatise explained:

The meaning of "category" of damages is not clear. Presumably, however, it requires more than merely the broad types of damages (wrongful death," or "property damage," "bodily injury" etc.). To make the disclosure obligation meaningful, a more detailed specification of damages is apparently required. For example, in a personal injury case, the nature and extent of any injuries suffered must be disclosed, including amounts claimed for "general" damages (pain, suffering or disfigurement) as well as "special" damages (medical bills, lost wages, costs of repairing damaged property, etc."." Rutter Group, Fed. Civ. Proc. Before Trial § 11:166 (2001).

Moreover, the computation of damages required by Rule 26(a)(1)(C) contemplates some analysis; for instance, in a claim for lost wages, there should be some information relating to hours worked and pay rate. *See Bullard v. Rodway Exp.*, 3 Fed. Appx. 418, 420 (6th Cir. 2001) (unpublished). *See also U.S. v. Rempel*, 2001 WL 1572190 (D. Alaska 2001) at *2.
Government required to disclose computation of tax liability, the functional equivalent of damages calculations in a tort case; *First Nat.*

Mills & Associates
Attorneys and Counselors at Law
3650 N. Rancho Dr., Ste. 114
Las Vegas, NV 89130
(702) 240-6060

*Bank of Chicago v. Ackerly Communications Inc.*, 2001 WL 15693 at *6, n. 6 (SDNY 2001) (calculation of damages requires more than mere setting forth figure demanded); *Kleiner v. Burns*, 2000 WL 1909470 at *2 (D. Kan. 2000).  (Defendant is generally entitled to a "specific computation" of damages)".

In this case, the computation of damages is going to be critical.  Plaintiff alleges not just a breach of contract, but also bad faith and violations of the Unfair Claims Practices Act as well as punitive damages.  It is impossible for Defendant to sort out those damages without input from the Plaintiff.  Besides special damages, Defendant can imagine a number of categories in which damages might be claimed.  But Defendant's suggestions would be nothing more than guesses.  A simple generic lump sum is not sufficient to encourage the purpose for which the rule was intended.  The computation of damages should be broken into categories and detailed as to amount by the Plaintiff.

Plaintiff is obligated to provide this computation of her own accord.  Defendant should not be required to even ask for it.  For that reason, the Court should compel the production of the computation of damages and Plaintiff should be compelled to compute all special, general and punitive damages that she intends to assert in the case.

DATED 24 May 2011

MILLS & ASSOCIATES

_____
MICHAEL C. MILLS, ESQ.
Nevada Bar No. 003534
TERRY KINNALLY, ESQ.
Nevada Bar No. 006379
3650 N. Rancho Dr., Ste. 114
Las Vegas, NV  89130
Attorneys for Defendants
*INFINITY AUTO INSURANCE COMPANY*

_____
A Plaintiff's March 3, 2011 Rule 26 Production.
B Affidavit of Michael C. Mills, Esq.

Mills & Associates
Attorneys and Counselors at Law
3650 N. Rancho Dr., Ste. 114
Las Vegas, NV 89130
(702) 240-6060