UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TARA ANN SHERWIN,

         Plaintiff,

v.

INFINITY AUTO INSURANCE COMPANY, et al.,

         Defendants.

2:11-CV-43 JCM (LRL)

**ORDER**

Presently before the court is defendant Infinity Auto Insurance Co.'s motion for partial summary judgment (doc. #16). Plaintiff Tara Ann Sherwin has filed an opposition (doc. #20), and defendant has filed a reply (doc. #23). Defendant seeks summary judgment with respect to plaintiff's second, third and fourth claims for relief, all of which are rooted in allegations of bad faith[1].

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); Fed. R. Civ. P. 56(c). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party, and a dispute is material only if it could affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49

---

[1] These claims are: (2) contractual breach of implied covenant of good faith; (3) tortious breach of implied covenant of good faith; and (4) bad faith.

**James C. Mahan**
**U.S. District Judge**

1   (1986). The moving party bears the burden of informing the court of the basis for its motion,
2   together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex*
3   *Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, it is
4   entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions,
5   answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue
6   for trial." *Id.* at 324; Fed. R. Civ. P. 56(c).

7   On March 31, 2009, plaintiff was injured in an automobile collision. Plaintiff presented a
8   claim to defendant requesting the policy limit of $15,000. In a letter to defendant dated December
9   30, 2009, plaintiff asserted that she had already incurred $11,543 in special damages and attached
10  as evidence records from her treating physician, Dr. Andrew Cash. After evaluating plaintiff's
11  condition, Dr. Cash recommended she undergo fusion surgery on her spine, or else, he opined that
12  she would be at an increased risk for "catastrophic [re]injury" and paralysis. Dr. Cash estimated that
13  this surgery would cost approximately $150,000.

14  Defendant admits that it assigned the third party involved in the accident 100% liability, and
15  acknowledges that plaintiff has, at least to some extent, been injured in the collision. (*See* doc. #20,
16  Exhibit 1-E, p. 6; *see also* doc. #16, p.2). Defendant initially offered plaintiff $3,183, which plaintiff
17  does not dispute was tendered or cashed. However, because defendant offered this amount prior to
18  conducting an investigation of its own, plaintiff maintains that this was a "nuisance offer" intended
19  to entice plaintiff to settle without seeking further recourse. Thus, plaintiff argues, the defendant was
20  acting in bad faith when it failed to conduct a full investigation, including an independent medical
21  examination, *prior* to its initial offer of $3,183.

22  Post-offer, the defendant's doctor, Dr. Anthony Serfustini, conducted his own medical
23  examination and reached conclusions which contest the extent of plaintiff's injuries and question her
24  need for the surgery. In support of his opinion, Dr. Serfustini noted that the plaintiff had since
25  returned to work as a dancer on the Strip. On these facts, the defendant has moved for summary
26  judgment. However, plaintiff alleges that the defendant's independent medical examination and its
27  offer to reimburse plaintiff should plaintiff actually pursue the surgery (rather than paying for it up
28

James C. Mahan
U.S. District Judge

- 2 -

1  front), demonstrate that the handling of the claim was a "sham," providing a factual basis upon
2  which she may allege claims of bad faith.

3  As explained in *Schumacher v. State Farm Fire & Casualty Co.*:

4  [t]he Supreme Court of Nevada adopted the cause of action called 'bad faith' in *United States Fidelity & Guar. Co. v. Peterson*, 91 Nev. 617 (1975). Nevada's
5  definition of bad faith is: (1) an insurer's denial of (or refusal to pay) an insured's claim; (2) without any reasonable basis; and (3) the insurer's knowledge or awareness
6  of the lack of any reasonable basis to deny coverage, or the insurer's reckless disregard as to the unreasonableness of the denial. *Pioneer Chlor Alkali Co., Inc. v.
7  Nat'l Union Fire Insurance Co.*, 863 F.Supp.1237, 1244 (D. Nev. 1994). An insurer fails to act in good faith when it refuses 'without proper cause' to compensate the
8  insured for a loss covered by the policy.

9  467 F. Supp. 2d 1090, 1095 (D. Nev. 2006).

10  Defendant argues that, because it did not deny or refuse to compensate plaintiff entirely, the
11  first element of bad faith has not been met. In response, plaintiff argues that insurance companies
12  may not simply make a "nuisance offer, whether $5.00 or $3,000" to avoid bad faith liability. (*See*
13  doc. #20, p.17).

14  This court agrees that plaintiff's claims are inappropriately characterized and labeled, as a
15  matter of law, as bad faith actions. Rather, this court finds that plaintiff's claims are claims for
16  breach of contract and/or unfair claims practices pursuant to NRS 686A.310. The distinction
17  between claims for relief under each theory is important, because the two are separate and
18  independently actionable with different legal requirements. *See Schumacher*, 467 F. Supp. 2d at
19  1095 (quoting *Pioneer*, 863 F. Supp. 1244). The *Schumacher* court explained that "[b]ad faith and
20  NRS 686A.310 involve different legal analyses, and a violation of a provision of NRS 686A.310 is
21  not per se an act of bad faith." *Id.*

22  In *Pioneer*, the court emphasized that "bad faith exists where an insurer *denies* a claim
23  without any reasonable basis and with knowledge that no reasonable basis exists to *deny* the claim.
24  In contrast, the provisions of NRS 686A.310 address the manner in which an insurer handles an
25  insured's claim whether or not the claim is *denied*." *Pioneer*, 863 F. Supp. at 1243 (emphasis
26  added). The court then reiterated that "Nevada's Supreme Court has consistently announced and
27  ruled that bad faith *requires the denial of a claim* and the absence of any reasonable basis to deny
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  the claim." *Id.* at 1244 (emphasis added). Again, the defendant in the instant case never denied

2  plaintiff's claim. On the contrary, it offered plaintiff $3,183. Plaintiff was not under any obligation

3  to accept this initial offering; she had other opportunities to pursue and recover a larger award.

4        The requirement that the claim be denied in order to pursue bad faith claims for relief was

5  further clarified in *Nelson v. Safeco Ins. Co.,* No.:10-cv-241 JCM-LRl (D. Nev. 2011), where this

6  court noted that "there is no evidence of bad faith because the defendant did not deny plaintiff's

7  claim. Rather, plaintiff alleges that the amount paid under the policy was less than what it should

8  have been, which is insufficient to show bad faith." *Id.* Here, plaintiff alleges that the amount she

9  should have been paid is more than what was initially offered, and does not allege that the defendant

10  denied her claim altogether.

11        Plaintiff insists that an excerpt from the Nevada Supreme Court's decision in *United Fire Ins.*

12  *Co. v. McClelland*, 780 P.2d 193 (Nev. 1989), mandates that its bad faith claims for relief be heard

13  by a jury. The court in *McClelland* stated that "a jury question on insurer's bad faith arises when

14  relevant facts are in dispute or when facts permit differing inferences as to the reasonableness of the

15  insurer's conduct." *Id.* However, as this court clarified in *Pioneer*, "there are several problems in

16  interpreting this statement to mean that bad faith is broad enough to include the manner in which an

17  insurer handles a claim." *Pioneer*, 863 F. Supp. at 1245. Specifically, this court noted:

18      First, in talking of the reasonableness of the insurer's conduct, it is not clear that by 'conduct' Nevada's Supreme Court [in *McClelland*] meant the manner in which an
19      insurer processes a claim. Nevada's Supreme Court in using the word 'conduct' could have been referring to the insurance company's denial, i.e., 'a jury question
20      arises when facts permit differing inferences as to the reasonableness of the' denial. For the court did go on to hold that 'sufficient evidence exist[ed] to support the jury's
21      determination that appellants acted in bad faith *in denying Kenneth's [McClelland's] insurance claims*."

22

23  *Id.* (emphasis in original) (quoting *McClelland*, 780 P.2d at 197).

24        In other words, in the context of breach of good faith allegations, the requirement that the

25  question of "reasonableness" go to a jury relates only to the reasonableness of denying the claim

26  altogether, *not* to the reasonableness of the handling of the claim, regardless of whether or not it was

27  denied. This includes the question of an insurer's failure to properly investigate prior to its initial

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  offer, which is a reasonableness inquiry properly suited for a jury under an unfair claim practices
2  theory, and not as a breach of the good faith doctrine.
3  In sum, this court agrees that, in order to pursue a claim for relief on a bad faith basis in
4  Nevada, the plaintiff must demonstrate that the insurer *denied* the insured's claim with no reasonable
5  basis. If the allegation is, as it is here, that the insurer improperly or unreasonably *handled* the
6  insured's claim, then it must be pursued as an action under the unfair claim practices doctrine
7  pursuant to NRS 686A.310.
8  Accordingly,
9  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for
10  partial summary judgment (doc. #16) on the second, third and fourth claims for relief be, and the
11  same hereby is, GRANTED.
12  DATED July 6, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 5 -