MICHAEL C. MILLS, ESQ.
Nevada Bar No. 003534
TERRY KINNALLY, ESQ.
Nevada Bar No. 006379
MILLS & ASSOCIATES
3650 N. Rancho Drive, Ste. 114
Las Vegas, Nevada 89130
(702) 240-6060 Telephone
(702) 240-4267 Facsimile

*Attorneys for Defendant*
*INFINITYAUTO INSURANCE COMPANY*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TARA ANN SHERWIN,<br><br>  Plaintiff,<br><br>vs.<br><br>INFINITY AUTO INSURANCE COMPANY, DOES I – X, and ROE CORPORATIONS I – X, inclusive,<br><br>  Defendants. | Case No. 2:11-cv-00043-JCM-LRL |

### REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
### (LETTER ROGATORY)

The United States District Court for the District of Nevada presents its compliments to the Ontario Superior Court of Justice and requests international assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter.

### I. REQUEST

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the Ontario Superior Court of Justice compel the appearance of the below-named individual to give evidence, under

oath, as to his personal knowledge of facts that are relevant to the issues in the above-captioned civil matter.

II.    **IDENTITY AND ADDRESS OF PERSON TO BE EXAMINED**

The name and address of the individual to be examined:

Biko Beauttah
551 Bloor Street West
Toronto, Ontario, Canada M5S 1Y6

III.   **NATURE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS**

A.    **THE PENDING CIVIL PROCEEDING**

This is a civil suit pending before the United States District Court for the District of Nevada. It arises from a motor vehicle accident that occurred in Las Vegas, Nevada on March 31, 2009 in which Plaintiff claims she injured her back and/or neck.

Plaintiff already settled a portion of her personal injury claim for $15,000.00, the bodily injury policy limit, with the opposing vehicle's insurance provider. Plaintiff now claims that she is entitled to additional compensation pursuant to the underinsured motorist coverage provided by the automobile insurance issued by the defendant, Infinity Auto Insurance Company (Hereinafter "Infinity"). Infinity offered to pay Plaintiff for her the undisputed amount of her remaining damages and she accepted this money from Infinity. Infinity also offered to pay Plaintiff's future medical bills as she incurred them, but Plaintiff rejected this offer and seeks to be compensated for and in advance of an indefinite future surgery.

1.    Brief synopsis of Plaintiff's Injury and Treatment

Plaintiff's treatment was primarily chiropractic in nature, though she did undergo an MRI which showed a disk extrusion in her spine. While her medical doctor stated she would likely need back surgery for this condition, another medical doctor states the condition is not a result of the auto accident and is instead degenerative in nature.

Regardless, on July 14, 2009, less than four months after the accident, Plaintiff told her doctor that she was not going to have the back surgery; that she was feeling better, had no radicular or myelopathic symptoms and had returned to work as a professional dancer. In October 2009, seven months after the accident, Plaintiff told her chiropractor that she had no lower back pain and only slight neck pain that seemed to resolve even more in light of her return to work.

Despite her claim that she is unable to continue performing as she did prior to the accident due to pain and/or disability, the evidence suggests that Plaintiff has been performing her strenuous dance routines since at least July 14, 2009 – four months after the accident. Plaintiff's ability to perform her contortionist-like dance routines on a regular basis contradicts the contention that she continues to experience pain and/or physical limitations as a result of this accident.

2.   <u>Synopsis of Plaintiff's Complaint</u>

Plaintiff's civil complaint alleges that Infinity breached its contractual duties under subject automobile insurance policy. The complaint alleges that Infinity breached the implied covenant of good faith and fair dealing and violated Nevada's Unfair Claims Practices Act.

The complaint prays for general and special damages each and for punitive damages in an amount to be determined at trial. Plaintiff submitted a computation of damages seeing damages in the amount of $11,817.00 plus damages for the aforementioned, indefinite future back surgery, totaling in excess of $164,468.00.

**B.   KNOWLEDGE OF THE PERSON TO BE EXAMINED**

During the 2009 Toronto International Film Festival in September of 2009, Biko Beauttah attended an event held at Jezabel Burlesque Jazz Club in Toronto, Canada where Plaintiff was performing. Plaintiff performed a physically demanding, solo burlesque routine the night Mr. Beauttah attended the club. Mr. Beauttah videotaped Plaintiff's live burlesque performance which shows Plaintiff moving, bending, and contorting her body into strenuous positions without any signs of pain or limitation. Mr.

Beauttah later uploaded and published this video on the internet on YouTube. This video contradicts Plaintiff's claim that she is unable to perform as a result of the subject auto accident. Mr. Beauttah possesses critical evidence germane to key issues of the pending civil litigation. Based on his personal knowledge of facts and events, Mr. Beauttah can provide the proper legal foundation for this video so that it can be entered into evidence and used at trial in the pending civil litigation. While Defendant has entered static photographs of Plaintiff into evidence, the video for which only Mr. Beauttah can lay the proper foundation, has unique evidentiary value. He can testify as to his personal knowledge of the video's authenticity, the location and date on which it was taken, and other specifics regarding Plaintiff's performance in September 2009.

Plaintiff's performance at the September 2009 Toronto International Film Festival is pivotal in this civil action because Plaintiff claims she was unable to continue dancing after the accident in the same manner she did prior to the accident. Mr. Beauttah's video of Plaintiff's burlesque performance less than six months after the accident is admissible in the civil proceedings to rebut Plaintiff's claims of ongoing disability and physical limitations she claims to be experiencing as a result of the subject auto accident. The video demonstrates that Plaintiff was limber, flexible, and not showing any signs of physical limitation on the date of the performance.

C. **EVIDENCE TO BE OBTAINED**

The evidence to be obtained consists of testimony for use in the trial in the civil proceedings of this case. This Court respectfully requests that a Canadian judicial authority compel the persons identified above to appear and be deposed, under oath, as his personal knowledge regarding facts that are vital and germane to the pending civil action. The questions asked of this witness will be limited in scope and calculated to elicit only the evidence described herein. The witness shall also be asked to produce the original, unedited video he recorded in September 2009, as well as any additional digital, photographic, or similar images in his possession or control that were taken or recorded by the him during the same event.

## IV. SPECIAL PROCEDURES

This Court respectfully requests that the Ontario Superior Court of Justice follow the following special procedures.

### A. REQUIREMENTS THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND SPECIFIC FORMAT TO BE USED

The examinations of the person listed above should be taken under oath before (1) a secretary of embassy, consul general, vice-consul or general agent of the United States of America or any other officer authorized to administer oaths under the laws of the United States of America or Canada, or (2) before a person appointed by the Court and empowered to administer oaths and take testimony.

This Court further requests that you require the testimony given during eh deposition be given under the following oath: "I, Biko Beauttah, do swear (or affirm) that the testimony I am about to give is the truth, the whole truth, and nothing but the truth, so help me God."

In the event that the laws of Canada does not permit the swearing of an oath by particular witnesses, the duly appointed office shall make inquiry of such witness to ensure that he understands the gravity of the procedure and affirms that his statement will be true and correct in all respects.

### B. OTHER SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED

Except to the extend that such rules are incompatible with the internal laws of Canada, the examination shall be taken under the Federal Rules of Civil Procedure, provided, however, that the scope and manner of the examination and cross-examination, if any, at the deposition shall be in accordance with the Federal Rules of Evidence as would apply during a civil trial before this Court.

The examination shall be taken before a commercial stenographer and a verbatim transcript shall be produced.

The Court further requests that counsel for Plaintiff and Defendant be notified of the date, time and place of the deposition and that they be allowed to appear at the

deposition and participate by asking questions of the deponent.  If the laws of Canada do not allow foreign attorneys to appear before the appropriate judicial body of Canada, this Court requests that local counsel in Canada be allowed to appear at the deposition and participate by asking questions of the deponent.

C. **REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR EXAMINATION OF THE WITNESS**

This Court respectfully requests that the following individuals be notified of the time and place of the examination of the witnesses and supplies the identity and address of the persons to be notified.

**Please send notice of the time and place of the examination of the witness to:**

Honorable James C. Mahan
United States District Court Judge
United States District Court for the District of Nevada
333 Las Vegas Boulevard South
Las Vegas, Nevada 89101
U.S.A.

Corey M. Eschweiler, Esq.
Glen J. Lerner & Associates
4795 S. Durango Boulevard
Las Vegas, Nevada 89147
U.S.A.

Michael C. Mills, Esq.
Mills & Associates
3650 N. Rancho Drive, Suite 114
Las Vegas, Nevada 89130
U.S.A.

**Please also send the original verbatim transcript of the deposition to:**

Clerk of the Court
United States District Court for the District of Nevada
333 Las Vegas Boulevard South
Las Vegas, Nevada 89101
U.S.A.

///

and

Michael C. Mills, Esq.
Mills & Associates
3650 N. Rancho Drive, Suite 114
Las Vegas, Nevada 89130
U.S.A.

## V.  RECIPROCITY

The United States District Court for the District of Nevada appreciates the Ontario Superior Court of Justice's assistance in obtaining evidence in this matter. This Court is willing to provide similar assistance to the appropriate judicial authorities of Canada should a judicial authority in Canada so require.

## VI.  REIMBURSEMENT FOR COSTS

Defendant and/or its counsel are willing to reimburse the Ontario Superior Court of Justice for costs incurred in executing the United States District Court for the District of Nevada's Letter Rogatory. This cost should not exceed $500.00. Please contact the United States District Court for the District of Nevada before this amount is exceeded.

It is so Ordered.

DATED: This 20th day of September 2011.

_____
Lawrence R. Leavitt
United States Magistrate Judge