1

2

3                    **UNITED STATES DISTRICT COURT**

4                         **DISTRICT OF NEVADA**

5                                 * * *

6    TARA ANN SHERWIN,                    )
                                          )
7                    Plaintiff,           )
                                          )         2:11-cv-00043-JCM -LRL
8    v.                                   )
                                          )         **O R D E R**
9    INFINITY AUTO INSURANCE COMPANY,     )
                                          )
10                   Defendant.           )
                                          )
11   _____ )

12          Before the court is defendant Infinity Auto Insurance Company's (hereinafter "Infinity") Motion

13   to Compel Computation of Damages (#19).  Plaintiff Tara Ann Sherwin filed an Opposition (#22), and

14   defendant filed a Reply (#25).

15          Plaintiff's amended complaint (#15) stems from an automobile accident with a third-party that

16   occurred on March 31, 2009, which allegedly caused her to "sustain[] injuries to her shoulders, back,

17   bodily limbs, organs and systems, all or some of which conditions may be permanent and disabling."

18   As a result of the alleged injuries, plaintiff claims that she "has been required to, and has limited

19   occupational and recreational activities, which have caused and shall continue to cause [her] loss of

20   earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life..."

21   (#15).  She filed a complaint alleging (1) breach of contract, (2) contractual breach of the implied

22   covenant of good faith and fair dealing, (3) tortious breach of the implied covenant of good faith and

23   fair dealing, (4) bad faith, and (5) unfair trade practices against her insurance company, defendant

24   Infinity.  *Id.*  In the prayer for relief, plaintiff seeks special, general and punitive damages.

25   **Motion To Compel Computation of Damages**

26          Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), a party is required to disclose "a computation of each

category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."  In its present motion to compel (#19), Infinity contends that plaintiff's computation of damages is insufficient, because it does not provide an amount for pain and suffering, punitive damages, lost wages, or future loss of income.

### A.    Relevant Facts

In plaintiff's computation of damages produced on March 3, 2011, she stated that her "total special damages to date are $164,468.00," her "general damages are in an amount in excess of $10,000.00 and will be determined at trial," and that she "seeks punitive damages in an amount to be determined by the [c]ourt." (#19-1 Exhibit A).  As defendant felt the computation of damages was inadequate, on April 27, 2011, the parties conducted a telephonic dispute resolution conference in compliance with LR 26-7 in a good faith attempt to resolve the matter.  During the conference, Infinity explained to plaintiff that it was not satisfied with the computation, and that it should be supplemented to provide "a computation of each category of damages," including "each element of past and future special damages, general damages and punitive damages related to the causes of action that were pled." (#19).  Plaintiff agreed to amend her computation of damages.  *Id.*  As of the date of filing the present motion, defendant asserts that it had not received an updated computation.  *Id.*

After plaintiff received the motion to compel (#19), she allegedly realized that a "clerical error" occurred, and that the amended disclosure was executed, but not mailed.  (#22).  Therefore, she expediently delivered the following amended disclosure to defendant.

FED. R. CIV. P. 26(a)(1)(C) STATEMENT

Plaintiff TARA SHERWIN's contractual damages total $11,817- discovery is continuing. Plaintiff also seeks the following damages:

1. General damages inflicted by Defendant's failure to tender policy limits, including damages for pain, suffering, and emotional distress. Such damages shall be determined by the trier of fact, but shall not be less than the cost of Plaintiff's treatment and future treatment,

$164,468.00, less the $15,000 paid by the tortfeasor, along with any additional damages assessed by the trier of fact as a result of the impact of the low offer on Plaintiff's inability to obtain additional treatment to alleviate her pain and suffering and the impact of the low offer on Plaintiff's ability to earn funds necessary to obtain additional treatment.

2. Extra-contractual damages inflicted by Defendant's failure to tender policy limits, including, but not limited to, damages for bad-faith and violation of NRS 686A.310. Such damages shall be determined by the trier of fact.

3. Punitive damages in an amount to be determined by the trier of fact.
(#22-1 Exhibit 1-D)

Subsequently, on January 4, 2011, plaintiff Sherwin informed defendant that she was also making claims for lost wages and future loss of income, and that she would "supplement her computation" accordingly. (#25 Exhibit C). Defendant has not received a supplement to the amended computation. (#25).

**B.    Argument**

Infinity contends that the amended computation of damages is still insufficient, as it does not include an amount for pain and suffering and punitive damages, and because it has not been supplemented with amounts for lost wages and future loss of income. (#25).  As both lost wages and future loss of income are purely economic damages, defendant argues that plaintiff should be capable of providing these figures.  Additionally, defendant contends that the "inclusion of non-economic damages is essential to an evaluation of the claim," and that plaintiff's refusal to provide these computations bars her "from requesting or suggesting the value of such damages at the time of trial from the jury." *Id.*

Plaintiff argues that Infinity is not seeking the "arbitrary values for pain and suffering and punitive damages" in order to facilitate settlement, but instead that it is improperly insisting on these values to "anchor a jury." (#22).  This is not the purpose of Rule 26, she contends.  Further, she argues that "such damages are in the province of the jury and need not be associated with a specific dollar amount in a computation of damages." *Id.*

3

### C.     Discussion

The court finds that plaintiff's amended computation of damages (#22-1 Exhibit 1-D) is sufficient with regards to the costs of medical treatment, both past and future.  Further, the court agrees with plaintiff, and concludes that as pain and suffering are "wholly subjective," "the determination of their monetary compensation falls peculiarly within the province of the jury." (#22) quoting *Crocker v. Sky View Christian Acad.*, 2009 U.S. Dist. LEXIS 1116, 3:08-cv-00479 (D. Nev. 2009).  Additionally, the court finds that "punitive damages can be based upon a variety of factors that are difficult to quantify, including the reprehensibility of the defendant's conduct," and that "the allowance or denial of exemplary punitive damages rests entirely in the discretion of the trier of fact."  *Id.* (quoting *Evans v. Dean Witter Reynolds, Inc.,* 116 Nev. 598, 5 P.3d 1043, 1052 (2000).  Therefore, plaintiff's amended computation (#22-1 Exhibit 1-D) is also sufficient with regards to pain and suffering and punitive damages.

In light of the fact that plaintiff is asserting claims for lost wages and future loss of income, yet has not supplemented her computation of damages as promised, the court concludes that her computation is insufficient in this respect.  Therefore, plaintiff will be ordered to provide defendant with a supplemental computation of damages reflecting these amounts.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant Infinity Auto Insurance Company's Motion to Compel Computation of Damages (#19) is denied in part, and granted in part, as discussed above.  Plaintiff shall produce the above-referenced supplement on or before October 3, 2011.

DATED this 23th day of September, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**