**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

TARA ANN SHERWIN,            )
                             )
        Plaintiff,       )
                             )  2:11-cv-00043-JCM -LRL
v.                           )
                             )  **O R D E R**
INFINITY AUTO INSURANCE COMPANY, )
                             )
        Defendant.       )
_____)

    Before the court is plaintiff Tara Ann Sherwin's Motion To Compel (#26). Defendant Infinity Auto Insurance Company (hereinafter "Infinity") filed an Opposition (#31), and plaintiff filed a Reply (#34).

    Plaintiff was involved in an automobile accident with a third-party which allegedly caused her to "sustain[] injuries to her shoulders, back, bodily limbs, organs and systems, all or some of which conditions may be permanent and disabling." Prior to the accident, plaintiff had purchased an automobile policy from defendant Infinity which provided uninsured/underinsured motorist insurance to plaintiff. (#15). Following the accident, plaintiff demanded a policy limit payment from defendant. *Id.* However, she asserts, Infinity has refused to make adequate payment as required under the policy. *Id.* Additionally, she claims that defendant engaged in unfair trade practices when, among other things, it failed to "properly settle her claim." *Id.*

    In her amended complaint, she asserts claims for (1) breach of contract, (2) contractual breach of the implied covenant of good faith and fair dealing, (3) tortious breach of the implied covenant of good faith and fair dealing, (4) bad faith[1], and (5) unfair trade practices against defendant Infinity. *Id.*

---

[1] The court recently dismissed her claims for contractual breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing, and bad faith. (#29).

**Motion To Compel**

Federal Rule of Civil Procedure 34(a) permits each party to serve the opposing party with document requests within the scope of Rule 26(b) that are "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *Id*. In responding to Rule 34 requests, "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Pursuant to Rule 37(a)(3)(B)(iv), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

In the plaintiff's motion to compel, she asks this court to compel defendant Infinity to produce its claims handling procedures and policies. (#26). While asserting that they are relevant, she acknowledges the possible confidential nature of the documents, and concedes that a protective order is necessary. *Id.* After unsuccessfully attempting to meet and confer with Infinity regarding a confidentiality agreement to govern the production of the documents, plaintiff filed this motion. *Id.*

**A.   Relevant Facts**

In plaintiff's first request for production of documents (#26-1 1-A), she requested that defendant provide "[a]ll claims manuals, memorandum, [etc.]...directed to claims personnel, claims managers, [etc.] that refer or relate in any way to the handling of claims generally or to the handling of claims of like character to the claim at issue in this action, including without limitation; (a) [t]he documents reflecting defendant's claims policies as they existed at the time defendant denied the claim at issue in this action; and (b) [t]he documents reflecting any subsequent changes of policy." Defendant objected to this request as being "overly broad" and seeking information that is "irrelevant" and concerning "business secrets." (#26-1 Exhibit 1-B). However, defendant did reveal that it has a "Best Practices"

guide (hereinafter "Guide"), "much of which is irrelevant and all of which is proprietary," of which it will produce portions "subject to a protective order." *Id.*

In addition to submitting its responses to plaintiff's requests, defendant faxed a letter to plaintiff stating that "that chances are, if the matter is litigated[, it would] be ordered to produce some portion of the [Guide]." (#26-1 Exhibit 1-C). Further, it asserted that it is prepared to release certain portions of the Guide, contingent on plaintiff signing a confidentiality agreement. *Id.* Defendant attached the proposed agreement to the email for plaintiff's consideration. Upon review of the proposed confidentiality agreement, plaintiff was allegedly concerned with the fact that the agreement would cover all future documents produced by Infinity, yet did not contain a provision that would enable her to challenge the confidential nature of the documents. (#26-1 Exhibit 1). Defendant rejected plaintiff's suggestion to add such a provision, and stated that it would prefer the court to review the entire document to determine what was discoverable. Additionally, defendant allegedly refused to file a motion for a protective order. *Id.* Therefore, plaintiff filed the present motion to compel (#26).

In response to plaintiff's motion, defendant attached a "Privilege Log" (#31-1 Exhibit A) to its opposition (#31), which separates each section of the Guide, identifies what the purpose of the section is, and indicates what privilege is asserted. Additionally, the Privilege Log states which sections it deems potentially relevant and is therefore willing to disclose under a protective order. (#31-1 Exhibit A). These sections are shaded in and written in boldface type. *Id.* Plaintiff does not contest defendant's request for a protective order, but asserts that she is concerned with her inability to challenge documents under the proposed confidentiality agreement. (#34).

**B.     Discussion**

In addition to providing the plaintiff and the court with the Privilege Log, the defendant submitted a copy of the entire Guide for the court's *in camera* review. After reviewing both documents, the court concludes that certain portions of the Guide are relevant to this case and should be produced subject to a mutually agreed upon protective order. As the plaintiff claims unfair trade practices (#15) based on her assertion that defendant Infinity failed to "properly settle her claim," the court finds that

3

the defendant's claim handling policies and procedures are relevant. The court notes, however, that not every section of the Guide is relevant to this case, and therefore, orders that only portions of the Guide are to be produced.

**1.      Discoverable Sections of The "Best Practices" Guide**

In Infinity's Privilege Log, it concedes that Sections 3.5 – 3.5.5 "General Claims Handling: Administration," 4.1.1 – 4.1.3 "Bodily Injury," and 4.2.1 – 4.2.2 "Damage Assessment" are "potentially relevant to this matter," and "should be disclosed only under a protective order limiting the disclosure and use of this information." *Id.* The court agrees with Infinity, but is inclined to permit discovery of additional sections of the Guide based on their relevance.

First, the plaintiff argued in her reply that she needed to "review the manual in context," and that excluding sections such as "Part 1: Objectives," would detract from her ability to do so. (#34). After reviewing this section, the court finds that there is no privileged or proprietary business information therein, and that the disclosure thereof is warranted. Thus, this section is discoverable. Second, Infinity did not shade in sections 3.3 – 3.3.6 "General Claims Handling: Investigation." (#31-1). Despite its failure to shade in these sections, Infinity conceded in the Privilege Log that the information therein was "potentially relevant to this matter" and "should be disclosed only under a protective order..." *Id.* Therefore, upon the court's review of these sections, the court finds that they are relevant and should be produced.

Third, in the section covering "Damage Assessment," Infinity has excluded sections 4.2.3 – 4.3.1, because they allegedly "involve proprietary material outside the claims made in this matter and should be protected from disclosure." *Id.* Among these excluded sections, are those entitled "Negotiation," "Settlement," and "Alternate Settlement Tools." These sections address how the agents should deal with negotiating claims and settling for bodily injury payments, and demonstrate what other options are available when settling with the insureds. As plaintiff suffered bodily injury and is claiming that the defendant "refused to make adequate payment...as required under the [p]olicy" "without reasonable basis in fact or law," and that it failed to "properly settle" her claim, the court finds that these

4

sections are relevant to her claims of unfair trade practices and bath faith.  Therefore, sections 4.2.3 – 4.2.5 are discoverable.  The court agrees with defendant that sections 4.2.6 and 4.3.1 are irrelevant and should be protected from disclosure.

### 2. Protective Order

Defendant Infinity asserts that if the information in the Guide was improperly disseminated, it "would be highly prejudicial" to it and would put it in an unfair negotiating position in other cases.  (#31).  Further, it contends that the only way to prevent this injustice, would be to order that the documents not be disseminated or used for any purpose in any other litigation, and that they be "destroyed upon the termination of the proceedings." *Id.*  Plaintiff does not contest this, but reasserts her concern with the proposed confidentiality agreement.  (#34).  The court finds that the discoverable portions of the Guide should be afforded adequate protection, and that both parties requests regarding such protection are reasonable.

Therefore, the court directs the parties to meet, confer, and draft a proposed protective order for the court's approval, which includes a provision that allows the non-designating party to challenge the confidentiality designation of a document.  Further, the order shall provide the procedures which the challenging party must follow in order to challenge a designation.  If the parties are unable to agree upon the terms of the protective order, each party shall submit a separate proposed order, and the court will fashion an appropriate order.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Tara Ann Sherwin's Motion To Compel (#26) is granted in part, and denied in part, as discussed above.  The parties shall draft a proposed protective order and submit it for the court's approval on or before October 7, 2011.

DATED this 26th day of September, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**