1

2                           **UNITED STATES DISTRICT COURT**

3                                  **DISTRICT OF NEVADA**

4                                            * * *

5   TARA ANN SHERWIN,                          )
                                               )
6                   Plaintiff,                 )
                                               )
7   v.                                         )        2:11-cv-00043-JCM -LRL
                                               )
8   INFINITY AUTO INSURANCE COMPANY,           )        **O R D E R**
                                               )
9                   Defendant.                 )
                                               )
10  _____)

11          Before the court is plaintiff Tara Ann Sherwin's Motion To Compel (#39). Defendant Infinity

12  Auto Insurance Company (hereinafter "Infinity") filed an Opposition (#50), and plaintiff filed a Reply

13  (#52).

14          Plaintiff was involved in an automobile accident with a third-party which allegedly caused her

15  to "sustain[] injuries to her shoulders, back, bodily limbs, organs and systems, all or some of which

16  conditions may be permanent and disabling."   Prior to the accident, plaintiff had purchased an

17  automobile policy from defendant Infinity which provided uninsured/underinsured motorist insurance

18  to plaintiff with limits of $15,000 per person and $30,000 per accident. (#15). Following the accident,

19  plaintiff demanded a policy limit payment from defendant. *Id.*  However, after allegedly not engaging

20  in any investigation of her claim, Infinity extended a "nuisance offer" of $3,183.00 "in exchange for

21  release." (#39 Exhibit 1-E)  Plaintiff rejected this offer, and insisted on the policy limit amount based

22  on her injuries and need for surgery. *Id.*  Allegedly finding "credibility issues" prior to interviewing the

23  plaintiff or conducting an independent medical examination, Infinity maintained their original "nuisance

24  offer," and refused to pay the policy limit. *Id.*

25          Plaintiff asserts that this refusal was "without a basis in fact or law," and that defendant engaged

26  in unfair trade practices when it failed to "properly settle her claim." (#15). In her amended complaint,

she asserts claims for (1) breach of contract, (2) contractual breach of the implied covenant of good faith and fair dealing, (3) tortious breach of the implied covenant of good faith and fair dealing, (4) bad faith[1], and (5) unfair trade practices against defendant Infinity. *Id.*  In the prayer for relief, plaintiff seeks special, general and punitive damages. *Id.*

**Motion To Compel**

Federal Rule of Civil Procedure 34(a) permits each party to serve the opposing party with document requests within the scope of Rule 26(b) that are "relevant to the subject matter involved in the action."  Fed. R. Civ. P. 26(b).  Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *Id.*  In responding to Rule 34 requests, "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B). Pursuant to Rule 37(a)(3)(B)(iv), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

In the plaintiff's motion to compel, she asks this court to compel defendant Infinity to produce documents and to respond to interrogatories concerning its financial condition. (#39).  Plaintiff asserts that this information is relevant to her claim for punitive damages. *Id.*  Defendant contends that her requests are "premature," because she has not demonstrated by "clear and convincing evidence" that an award of punitive damages would be warranted. *Id.*  After unsuccessfully attempting to meet and confer with Infinity regarding the relevancy of its financial condition, plaintiff filed this motion. *Id.*

A.      **Relevant Facts**

Plaintiff served her second set of requests for production upon Infinity on June 9, 2011. (#39

---

[1]  The court recently dismissed her claims for contractual breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing, and bad faith. (#29).

Exhibit 1).  In her 11th, 12th, and 13th requests, she sought documents relating to defendant's financial condition:

> REQUEST TO PRODUCE NO. 11:
> Produce all documents relating to or evidencing the total revenues, expenses and profits derived from your business, on a monthly, quarterly, and annual basis, during the period beginning on June 1, 2006, to the present day.
>
> REQUEST TO PRODUCE NO. 12:
> Produce all documents relating to or evidencing the fair market value of your assets as of the date of these Requests for Production.
>
> REQUEST TO PRODUCE NO. 13:
> Produce all documents relating to or evidencing your liabilities as of the date of these Requests for Production.

(#39 Exhibit 1-R).  Defendant objected to these requests, asserting that they were "premature and overly broad and unduly burdensome."  (#39 Exhibit 1-S).  Additionally, defendant objected on the grounds that the information sought is "not relevant to any assessment of liability nor is it relevant to the amount of recoverable compensatory or punitive damages under *State Farm Mutual Automobile Insurance Co. v. Campbell,* 538 U.S. 408 (2003)."  *Id.*  Moreover, Infinity argued that the requests were "improper," because plaintiff has "failed to produce any evidence demonstrating oppression, malice or fraud which would entitle [her] to punitive damages..."  *Id.*

On the same day, plaintiff served her second set of interrogatories upon Infinity.  (#39 Exhibit 1-T).  The 14th, 15th, and 16th interrogatories sought the same information as the requests for production: "Identify and describe in detail the total revenues, expenses, and profits," "the fair market value of your assets," and "your liabilities."  *Id.*  Defendant's objections were identical to those it made in response to the requests for production, with the addition of one objection: that interrogatories may not call for "an analysis and list."  (#39 Exhibit 1-U).  After receiving the objections to both the requests and the interrogatories, plaintiff contacted Infinity to discuss the issues.  (#39 Exhibit 1).  Infinity reasserted its objection that the requests were premature, and refused to respond or to provide the requested documents.  *Id.*

. . .

3

### B.   Relevant Law

"A defendant's financial condition is relevant to the pursuit of punitive damages." *Momot v. Mastro,* 2011 LEXIS 51747, *8 (D. Nev. May 13, 2011) (citing *Allstate Ins. Co. v. Nassiri,* 2011 U.S. Dist. LEXIS 27234, *3 (D. Nev. March 1, 2011) and *United States v. Autumn Ridge Condominium Assoc.*, 265 F.R.D. 323, 327 (N.D. Ind. 2009)).   Therefore, when a claim for punitive damages is asserted, a "defendant's financial condition is a proper subject of discovery." *Hetter v. Eighth Judicial Dist. Court of State In and For County of Clark,* 110 Nev. 513, 519, 874 P.2d 762, 765 (1994). Although most courts "do not require a plaintiff to make a prima facie showing of merit on its punitive damage claim before permitting discovery of a defendant's net worth," *Nassiri,* 2011 LEXIS 27234 at *3 (citing *Autumn Ridge,* 265 F.R.D. at 328), the Supreme Court of Nevada has taken the countervailing approach in *Hetter,* by requiring that a plaintiff must first allege specific facts sufficient to support a claim for punitive damages. *Hetter,* 874 P.2d at 766.

At the trial stage, the plaintiff must demonstrate the existence of "oppression, fraud or malice, express or implied," by clear and convincing evidence in order to justify an award of punitive damages. NRS 42.005.  In the discovery context, however, the plaintiff must only "demonstrate[] some factual basis for its punitive damage claim." *Hetter,* 874 P.2d at 766.

### C.   Discussion

Here, plaintiff is seeking punitive damages in her complaint (#15), and therefore,  has met the majority standard to seek financial information through discovery. *Cal. Psychiatric Transitions,* 258 F.R.D. 391 (E.D. Cal. 2009).  Further, plaintiff has met the higher burden of the minority approach, as she has set forth facts to support her claim for punitive damages. *Hetter,* 874 P.2d at 766.  Specifically, plaintiff has alleged facts which, if proven, support her claim for punitive damages based on defendant's alleged unfair trade practices.  Thus, her requests for financial information are not premature, and defendant Infinity is required to respond to the interrogatories and to produce such documents.

The court finds, however, that plaintiff's requests and interrogatories must be limited.  First, plaintiff seeks information relating to defendant's financial condition beginning in 2006.  This is

unwarranted, inasmuch as the inquiry regarding the defendant's financial condition for punitive damages is its "current condition."  *Momot,* 2011 LEXIS 51747 at 12 ("When allowing discovery into a defendant's financial records related to a punitive damages claim, courts generally limit the time period for production to such information to reflect the defendant's current condition.").  Thus, the court finds that plaintiff's requests and interrogatories must be limited to financial records from 2010 and 2011.  *See Autumn Ridge,* 265 F.R.D. at 328 ("Financial records over approximately the past two years is sufficient to establish a defendant's current net worth.").   Second, as plaintiff's requests and interrogatories seek defendant's monthly, quarterly, and annual financial reports, in addition to evidence of its fair market value and liabilities, they seek irrelevant information, are overly broad, and would unduly burden the defendant. Fed. R. Civ. P. 26(b).  Therefore, the court finds that the requests and interrogatories should be limited to defendant's financial statement, including a balance sheet and profit-loss statement.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Tara Ann Sherwin's Motion To Compel (#39) is granted in part, and denied in part, as discussed above.  Defendant shall provide plaintiff with the requested documents and answers to the interrogatories, subject to the limitations outlined above, on or before October 7, 2011.

IT IS FURTHER ORDERED that plaintiff's request for attorney's fees is denied.

DATED this 27th day of September, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**