1
2
3
4
5                     **UNITED STATES DISTRICT COURT**
6                              **DISTRICT OF NEVADA**
7
8   TARA ANN SHERWIN,                              2:11-CV-43 JCM (VCF)
9           Plaintiff,
10  v.
11  INFINITY AUTO INSURANCE
12  COMPANY, et al.,
13          Defendants.
14
15                                   **ORDER**

16      Presently before the court is plaintiff Tara Ann Sherwin's motion to amend this court's
17  previous partial summary judgment order to add Federal Rule of Civil Procedure 54(b) severance
18  and stay the proceedings pending appeal. (Doc. #38). Sherwin requests that this court amend its
19  previous order to sever the bad faith causes of action from the remaining causes of action in this
20  litigation, thereby enabling Sherwin to immediately appeal this court's grant of summary judgment
21  on the bad faith causes to the Ninth Circuit. Infinity Auto Insurance Company has responded (doc.
22  #49), and Sherwin has replied (doc. #53).

23      Also before the court is Infinity's motion for partial summary judgment as to Sherwin's
24  measure of damages. (Doc. #36). Infinity requests a ruling from this court limiting recoverable
25  damages under Sherwin's Unfair Claims Practices Act claim to damages caused by Infinity's actions
26  or inactions. Sherwin has responded (doc. #47), and Infinity has replied (doc. #51).

27
28

**James C. Mahan**
**U.S. District Judge**

Both matters came on for hearing October 31, 2011. After considering the papers, and hearing arguments on both motions, the court finds it appropriate to deny Sherwin's motion seeking severance and grant Infinity's motion for partial summary judgment regarding the measure of damages.

**Facts**

On March 31, 2009, Sherwin was injured in an automobile collision. She presented a claim to Infinity requesting the policy limit of $15,000. In a letter to Infinity dated December 30, 2009, Sherwin asserted that she had already incurred $11,543 in special damages and attached as evidence records from her treating physician, Dr. Andrew Cash. After evaluating Sherwin's condition, Dr. Cash recommended she undergo fusion surgery on her spine, or else, he opined that she would be at an increased risk for "catastrophic [re]injury" and paralysis. Dr. Cash estimated that this surgery would cost approximately $150,000.

Infinity admits that it assigned the third party involved in the accident 100% liability, and acknowledges that Sherwin has, at least to some extent, been injured in the collision. (*See* doc. #20, Exhibit 1-E, p. 6; *see also* doc. #16, p.2). Infinity initially offered Sherwin $3,183, which Sherwin does not dispute was tendered or cashed. However, because Infinity offered this amount prior to conducting an investigation of its own, Sherwin maintains that this was a "nuisance offer" intended to entice Sherwin to settle without seeking further recourse. Thus, Sherwin brought claims alleging that Infinity acted in bad faith when it failed to conduct a full investigation, including an independent medical examination, *prior* to its initial offer of $3,183.

Post-offer, Infinity's doctor, Dr. Anthony Serfustini, conducted his own medical examination and reached conclusions which contest the extent of Sherwin's injuries and question her need for the surgery. In support of his opinion, Dr. Serfustini noted that Sherwin had since returned to work as a dancer on the Las Vegas Strip.

On these facts, Infinity moved for partial summary judgment, arguing that because it offered to pay Sherwin, no claims for bad faith could lie against it. This court found that Sherwin's claims were inappropriately characterized and labeled, as a matter of law, as bad faith actions. The court

James C. Mahan
U.S. District Judge

1  concluded that the claims were claims of breach of contract and/or unfair claims practices pursuant
2  to NRS 686A.310. Relying on *Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co*, 863 F. Supp.
3  1237, (D. Nev. 1994), this court explained that "bad faith exists where an insurer *denies* a claim
4  without any reasonable basis and with knowledge that no reasonable basis exists to *deny* the claim.
5  In contrast, the provisions of NRS 686A.310 address the manner in which an insurer handles an
6  insured's claim whether or not the claim is *denied*." *Pioneer*, 863 F. Supp. at 1243 (emphasis
7  added). Because Infinity never denied plaintiff's claim, but rather offered $3,183, this court found
8  that there could be no cause of action for bad faith. Accordingly, this court granted summary
9  judgment in favor of Infinity on Sherwin's three causes of action alleging bad faith.[1]

**Discussion**

11  *1.   Sherwin's Motion for Severance*
12      A.   Legal Standard
13  "When an action presents more than one claim for relief . . . the court may direct entry of a
14  final judgment as to one or more, but fewer than all, claims or parties only if the court expressly
15  determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Where a complaint contains
16  multiple claims, a judgment as to one is not final pursuant to Rule 54(b) if the multiple claims, "are
17  really but one claim, stated in two ways, for the purpose of presenting two legal theories of
18  recovery." *CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695, 697 (9th Cir. 1961). This is
19  because, "the word 'claim' in Rule 54(b) refers to a set of facts giving rise to legal rights in the
20  claimant, not to legal theories of recovery based upon those facts." *Id.* The final judgment policy
21  embodied in Rule 54(b) furthers the long established rule prohibiting piecemeal litigation. *Id.*
22      B.   Analysis
23  Here, Sherwin requests this court enter a final judgment on the question of whether Infinity's
24  offer to settle insulate Infinity from a bad faith cause of action. The legal question of whether
25  Infinity's offer could constitute the basis of a bad faith cause of action arises from the same "set of

---

[1] These claims are: (2) contractual breach of implied covenant of good faith; (3) tortious breach of implied covenant of good faith; and (4) bad faith.

1  facts giving rise to legal rights in [Sherwin]" as Sherwin's remaining contract and statutory claims.
2  *See CMAX*, 295 F.2d at 697.  Both questions arise from Sherwin's interactions with Infinity, and
3  Infinity's handling of Sherwin's claim.  As such, the bad faith causes of action are not separate and
4  distinct claims, but simply alternative legal theories of recovery.  *Id.*  Accordingly, it is not proper
5  for this court to sever the bad faith causes of action from the rest of the case.

6        This conclusion is strengthened by Infinity's own representations made at the hearing on the
7  severance motion.  Counsel for Infinity conceded that *any* action constituting an unfair claims
8  practice under NRS 686A.310 is also an act of bad faith.  Based on this concession, the court finds
9  it appropriate to vacate its previous grant of partial summary judgment regarding bad faith, and
10 reinstate those legal theories.  Such an outcome will enable this court to try all of Sherwin's claims
11 at once.  This has the further benefit of preventing any burden piecemeal appeals will cause the
12 appellate court's docket.

13 *2.     Infinity's Motion for Partial Summary Judgment*

14     A.   Legal Standard

15       The party seeking summary judgment bears the initial responsibility of informing the court
16 of the basis for the motion, but need not negate the opposing party's claim.  *Celotex Corp. v. Catrett,*
17 477 U.S. 317, 323 (1986). The party opposing summary judgment must set forth facts demonstrating
18 the existence of a genuine issue for the court or have summary judgment entered against it.
19 *Bulbman, Inc. v. Nevada Bell*, 108 Nev. 105, 110 (1992).  A party opposing summary judgment
20 cannot simply rest upon allegations in the pleadings; rather, it must affirmatively set forth facts
21 demonstrating the existence of a material issue of fact.  *Garvey v. Clark Co.*, 91 Nev. 127, 130
22 (1978).

23     B.   Analysis

24       Sherwin spends considerable space arguing that summary judgment is not the proper
25 procedural vehicle for determining computation of damages.  *See* Pl.'s Resp. at 11 (citing *United*
26 *States v. Honeywell Int'l, Inc.*, 542 F. Supp. 2d 1188, 1201 (E.D. Cal. 2008)).  However, Infinity
27 does not seek calculation of damages.  Infinity only requests that this court preclude Sherwin from
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

seeking damages attributable to the original tortfeasor from Infinity. This is a question of law, and thus the factual reasons underlying the *Honeywell* decision are inapplicable.

The only issue is whether, under the Nevada Unfair Claims Practices Act, an insured may seek to recover from the insurer damages caused by a third-party tortfeasor. This issue is answered by the text of the statute itself. The Unfair Claims Practices Act limits damages against an insured to those rights and remedies available to the state insurance commissioner and to "any damages sustained by [an] insured as a result of the commission of any act [by the insurer] set forth in subsection 1 as an unfair practice." NRS 686.310(2). As a result, the damages Sherwin seeks for her statutory cause of action are limited to the damages allowable under NRS 686.310(2).

This court makes no finding regarding the total dollar amount of damages available to Sherwin or what damages are recoverable pursuant to Sherwin's breach of contract or bad faith causes of action. This court's grant of partial summary judgment is limited to holding that any damages under the Unfair Claims Practices Act cause of action are limited to those damages allowable under the act.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Sherwin's motion to sever (doc. #38) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that this court's previous grant of summary judgment on the bad faith causes of action (doc. #29) be, and the same hereby is, VACATED.

IT IS FURTHER ORDERED that Infinity's motion for partial summary judgment regarding the appropriate measure of damages (doc. #36) be, and the same hereby is, GRANTED consistent with the foregoing.

DATED November 16, 2011.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -