1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6
7
8

TARA ANN SHERWIN,                                   2:11-CV-43 JCM (VCF)

9                    Plaintiff,

10  v.

11
    INFINITY AUTO INSURANCE
12  COMPANY, et al.,

13                    Defendants.

14
15                                  **ORDER**

16          Presently before the court is plaintiff Tara Ann Sherwin's motion to amend this court's

17  previous partial summary judgment order to add Federal Rule of Civil Procedure 54(b) severance

18  and stay the proceedings pending appeal.  (Doc. #38).  Sherwin requests that this court amend its

19  previous order to sever the bad faith causes of action from the remaining causes of action in this

20  litigation, thereby enabling Sherwin to immediately appeal this court's grant of summary judgment

21  on the bad faith causes to the Ninth Circuit.  Infinity Auto Insurance Company has responded (doc.

22  #49), and Sherwin has replied (doc. #53).

23          Also before the court is Infinity's motion for partial summary judgment as to Sherwin's

24  measure of damages.  (Doc. #36).  Infinity requests a ruling from this court limiting recoverable

25  damages under Sherwin's Unfair Claims Practices Act claim to damages caused by Infinity's actions

26  or inactions.  Sherwin has responded (doc. #47), and Infinity has replied (doc. #51).

27
28

**James C. Mahan**
**U.S. District Judge**

1   Both matters came on for hearing October 31, 2011.  After considering the papers, and

2   hearing arguments on both motions, the court finds it appropriate to deny Sherwin's motion seeking

3   severance and grant Infinity's motion for partial summary judgment regarding the measure of

4   damages.

5   **Facts**

6   On March 31, 2009, Sherwin was injured in an automobile collision.  She presented a claim

7   to Infinity requesting the policy limit of $15,000.  In a letter to Infinity dated December 30, 2009,

8   Sherwin asserted that she had already incurred $11,543 in special damages and attached as evidence

9   records from her treating physician, Dr. Andrew Cash.  After evaluating Sherwin's condition, Dr.

10  Cash recommended she undergo fusion surgery on her spine, or else, he opined that she would be

11  at an increased risk for "catastrophic [re]injury" and paralysis.  Dr. Cash estimated that this surgery

12  would cost approximately $150,000.

13  Infinity admits that it assigned the third party involved in the accident 100% liability, and

14  acknowledges that Sherwin has, at least to some extent, been injured in the collision.  (*See* doc. #20,

15  Exhibit 1-E, p. 6; *see also* doc. #16, p.2).  Infinity initially offered Sherwin $3,183, which Sherwin

16  does not dispute was tendered or cashed.  However, because Infinity offered this amount prior to

17  conducting an investigation of its own, Sherwin maintains that this was a "nuisance offer" intended

18  to entice Sherwin to settle without seeking further recourse.  Thus, Sherwin brought claims alleging

19  that Infinity acted in bad faith when it failed to conduct a full investigation, including an independent

20  medical examination, *prior* to its initial offer of $3,183.

21  Post-offer, Infinity's doctor, Dr. Anthony Serfustini, conducted his own medical examination

22  and reached conclusions which contest the extent of Sherwin's injuries and question her need for the

23  surgery.  In support of his opinion, Dr. Serfustini noted that Sherwin had since returned to work as

24  a dancer on the Las Vegas Strip.

25  On these facts, Infinity moved for partial summary judgment, arguing that because it offered

26  to pay Sherwin, no claims for bad faith could lie against it.  This court found that Sherwin's claims

27  were inappropriately characterized and labeled, as a matter of law, as bad faith actions.  The court

28

**James C. Mahan**
**U.S. District Judge**

1   concluded that the claims were claims of breach of contract and/or unfair claims practices pursuant

2   to NRS 686A.310.  Relying on *Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co*, 863 F. Supp.

3   1237, (D. Nev. 1994), this court explained that "bad faith exists where an insurer *denies* a claim

4   without any reasonable basis and with knowledge that no reasonable basis exists to *deny* the claim.

5   In contrast, the provisions of NRS 686A.310 address the manner in which an insurer handles an

6   insured's claim whether or not the claim is *denied*."  *Pioneer*, 863 F. Supp. at 1243 (emphasis

7   added).  Because Infinity never denied plaintiff's claim, but rather offered $3,183, this court found

8   that there could be no cause of action for bad faith.  Accordingly, this court granted summary

9   judgment in favor of Infinity on Sherwin's three causes of action alleging bad faith.[1]

10   **Discussion**

11   *1.     Sherwin's Motion for Severance*

12       A.   Legal Standard

13       "When an action presents more than one claim for relief . . . the court may direct entry of a

14   final judgment as to one or more, but fewer than all, claims or parties only if the court expressly

15   determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  Where a complaint contains

16   multiple claims, a judgment as to one is not final pursuant to Rule 54(b) if the multiple claims, "are

17   really but one claim, stated in two ways, for the purpose of presenting two legal theories of

18   recovery."  *CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695, 697 (9th Cir. 1961).  This is

19   because, "the word 'claim' in Rule 54(b) refers to a set of facts giving rise to legal rights in the

20   claimant, not to legal theories of recovery based upon those facts."  *Id.*  The final judgment policy

21   embodied in Rule 54(b) furthers the long established rule prohibiting piecemeal litigation.  *Id.*

22       B.   Analysis

23       Here, Sherwin requests this court enter a final judgment on the question of whether Infinity's

24   offer to settle insulate Infinity from a bad faith cause of action.  The legal question of whether

25   Infinity's offer could constitute the basis of a bad faith cause of action arises from the same "set of

26

27       [1]  These claims are: (2) contractual breach of implied covenant of good faith; (3) tortious

28   breach of implied covenant of good faith; and (4) bad faith.

James C. Mahan
U.S. District Judge

- 3 -

1  facts giving rise to legal rights in [Sherwin]" as Sherwin's remaining contract and statutory claims.

2  *See CMAX*, 295 F.2d at 697.  Both questions arise from Sherwin's interactions with Infinity, and

3  Infinity's handling of Sherwin's claim.  As such, the bad faith causes of action are not separate and

4  distinct claims, but simply alternative legal theories of recovery.  *Id.*  Accordingly, it is not proper

5  for this court to sever the bad faith causes of action from the rest of the case.

6        This conclusion is strengthened by Infinity's own representations made at the hearing on the

7  severance motion.  Counsel for Infinity conceded that *any* action constituting an unfair claims

8  practice under NRS 686A.310 is also an act of bad faith.  Based on this concession, the court finds

9  it appropriate to vacate its previous grant of partial summary judgment regarding bad faith, and

10  reinstate those legal theories.  Such an outcome will enable this court to try all of Sherwin's claims

11  at once.  This has the further benefit of preventing any burden piecemeal appeals will cause the

12  appellate court's docket.

13  *2.    Infinity's Motion for Partial Summary Judgment*

14        A.   Legal Standard

15        The party seeking summary judgment bears the initial responsibility of informing the court

16  of the basis for the motion, but need not negate the opposing party's claim.  *Celotex Corp. v. Catrett,*

17  477 U.S. 317, 323 (1986).  The party opposing summary judgment must set forth facts demonstrating

18  the existence of a genuine issue for the court or have summary judgment entered against it.

19  *Bulbman, Inc. v. Nevada Bell*, 108 Nev. 105, 110 (1992).  A party opposing summary judgment

20  cannot simply rest upon allegations in the pleadings; rather, it must affirmatively set forth facts

21  demonstrating the existence of a material issue of fact.  *Garvey v. Clark Co.*, 91 Nev. 127, 130

22  (1978).

23        B.   Analysis

24        Sherwin spends considerable space arguing that summary judgment is not the proper

25  procedural vehicle for determining computation of damages.  *See* Pl.'s Resp. at 11 (citing *United*

26  *States v. Honeywell Int'l, Inc.*, 542 F. Supp. 2d 1188, 1201 (E.D. Cal. 2008)).  However, Infinity

27  does not seek calculation of damages.  Infinity only requests that this court preclude Sherwin from

28

**James C. Mahan**
**U.S. District Judge**

1   seeking damages attributable to the original tortfeasor from Infinity.  This is a question of law, and

2   thus the factual reasons underlying the *Honeywell* decision are inapplicable.

3          The only issue is whether, under the Nevada Unfair Claims Practices Act, an insured may

4   seek to recover from the insurer damages caused by a third-party tortfeasor.  This issue is answered

5   by the text of the statute itself.  The Unfair Claims Practices Act limits damages against an insured

6   to those rights and remedies available to the state insurance commissioner and to "any damages

7   sustained by [an] insured as a result of the commission of any act [by the insurer] set forth in

8   subsection 1 as an unfair practice."  NRS 686.310(2).  As a result, the damages Sherwin seeks for

9   her statutory cause of action are limited to the damages allowable under NRS 686.310(2).

10         This court makes no finding regarding the total dollar amount of damages available to

11  Sherwin or what damages are recoverable pursuant to Sherwin's breach of contract or bad faith

12  causes of action.  This court's grant of partial summary judgment is limited to holding that any

13  damages under the Unfair Claims Practices Act cause of action are limited to those damages

14  allowable under the act.

15         Accordingly,

16         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Sherwin's motion to sever

17  (doc. #38) be, and the same hereby is, DENIED.

18         IT IS FURTHER ORDERED that this court's previous grant of summary judgment on the

19  bad faith causes of action (doc. #29) be, and the same hereby is, VACATED.

20         IT IS FURTHER ORDERED that Infinity's motion for partial summary judgment regarding

21  the appropriate measure of damages (doc. #36) be, and the same hereby is, GRANTED consistent

22  with the foregoing.

23         DATED November 16, 2011.

24

25

26                                          **UNITED STATES DISTRICT JUDGE**

27

28

**James C. Mahan**
**U.S. District Judge**

- 5 -