1

2

3                           **UNITED STATES DISTRICT COURT**

4                                **DISTRICT OF NEVADA**

5                                        * * *

6   TARA ANN SHERWIN,                          )
                                               )
7                    Plaintiff,                )
                                               )        2:11-cv-00043-JCM -LRL
8   v.                                         )
                                               )        **O R D E R**
9   INFINITY AUTO INSURANCE COMPANY,           )
                                               )
10                   Defendant.                )
                                               )
11  _____    )

12        Before the court is plaintiff Tara Ann Sherwin's Motion To Strike. (#93).  Defendant Infinity

13  Auto Insurance Company (hereinafter "Infinity") filed an Opposition (#103), and plaintiff filed a Reply

14  (#107).

15  **Background**

16        Plaintiff was involved in an automobile accident with a third-party which allegedly caused her

17  to "sustain[] injuries to her shoulders, back, bodily limbs, organs and systems, all or some of which

18  conditions may be permanent and disabling." (#15).  Prior to the accident, plaintiff had purchased an

19  automobile policy from defendant Infinity which provided uninsured/underinsured motorist insurance

20  to plaintiff with limits of $15,000 per person and $30,000 per accident.  *Id.*  Following the accident,

21  plaintiff demanded a policy limit payment from defendant Infinity.  *Id.*  However, after allegedly not

22  engaging in any investigation of her claim, Infinity extended a "nuisance offer" of $3,183.00 "in

23  exchange for release." (#39).  Plaintiff rejected this offer, and insisted on the policy limit amount based

24  on her injuries and need for surgery.  *Id.*  Allegedly finding "credibility issues" prior to interviewing the

25  plaintiff or conducting an independent medical examination, Infinity maintained their original "nuisance

26  offer," and refused to pay the policy limit.  *Id.*  Plaintiff asserts that this refusal was "without a basis in

fact or law," and that defendant engaged in unfair trade practices when it failed to "properly settle her claim." (#15).

Plaintiff filed her original complaint on August 5, 2010 (#1-3), and the action was removed to this court on January 10, 2011. (#1). In plaintiff's amended complaint filed on May 17, 2011, she asserts claims for (1) breach of contract, (2) contractual breach of the implied covenant of good faith and fair dealing, (3) tortious breach of the implied covenant of good faith and fair dealing, (4) bad faith[1], and (5) unfair trade practices against defendant Infinity. *Id.* In the prayer for relief, plaintiff seeks special, general and punitive damages. (#15).

The close of discovery was August 15, 2011. (#10). On June 29, 2011, defendant filed a motion to extend discovery deadlines (#27), and after the parties agreed on extending discovery, the parties filed a stipulation and order to extend discovery which the court signed. (#41). In the stipulation, the parties agreed to permit certain depositions to take place after the close of discovery on August 15, 2011, and stated that defendant "was still obtaining employment and medical records from [p]laintiff's providers which may require additional depositions." *Id.* The stipulation only permitted the depositions, and did not extend discovery deadlines for written discovery or for identifying witnesses. *Id.*

On September 28, 2011, defendant filed another motion to extend discovery dates. (#65). Defendant asserted that five depositions remained to be conducted, three by defendant and two by plaintiff. *Id.* Defendant did not request to extend discovery for any other purpose. *Id.* On September 28, 2011, the court granted the motion, which extended discovery until January 12, 2012. (#73). On December 8, 2011, the parties filed another stipulation and order to extend discovery. (#82). In the stipulation, the parties agreed that they could supplement the report of their expert witnesses and could take certain depositions on or before March 12, 2012. *Id.* The parties stated that "[b]esides supplements to the expert reports, the parties agree at this time that these depositions are the only discovery allowed

---

[1] The court recently dismissed her claims for contractual breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing, and bad faith. (#29).

1    and that any party wishing to conduct any other discovery will have to apply to obtain the stipulation

2    of the opposing party or apply to the court for permission to conduct the same." *Id*.  The court signed

3    the stipulation on December 9, 2011.  (#83).

4           On February 20, 2012, defendant made its Twentieth Supplemental Disclosure Pursuant to Fed.

5    R. Civ. P. 26(a), adding a new witness, Wade Hansard, and seven pages of additional documents.  (#93-

6    1).  On February 24, 2012, defendant made its Twenty-First Supplemental Disclosure, adding four more

7    witnesses and 98 additional pages of documents.  (#93-2).  On March 5, 2012, the parties filed another

8    stipulation to extend discovery, stating that there were three depositions currently scheduled: Justin

9    Gaiser- March 12, 2012; John Weber - April 5, 2012; and Kendra Slagle- March 9, 2012.  (#88).  The

10   parties agreed that the continued deposition of John Weber would be conducted after the discovery cut-

11   off date, and that this deposition was the "only discovery allowed after [d]iscovery [c]utoff..." *Id.*  The

12   court signed the stipulation the same day. (#89).  On March 7, 2012, defendant made its Twenty-Second

13   Supplemental Disclosure, adding a document entitled "NAIC Unfair Claims Settlement Practices Act

14   with Affidavit of Julienne Fritz."  (#93-3).  On April 11, 2012, plaintiff filed the instant motion asking

15   this court to strike defendant's disclosures made after the discovery cut-off deadline.  (#93).

16   **Motion To Strike**

17          In plaintiff's motion, she asserts that "[d]espite discovery having closed August 15, 2011,"

18   defendant made several disclosures after the discovery cut-off date. (#93).  Plaintiff asserts that "[a]ll

19   of the new witnesses and documents were within [d]efendant's knowledge and control prior to this

20   action having been filed," and that their untimely disclosures should be stricken.  *Id*.  Plaintiff argues

21   that the untimeliness of the disclosures was not harmless, as plaintiff (1) already completed all

22   depositions of defendant's employees and discovery has long been closed, (2) cannot conduct any

23   follow-up written discovery on the newly disclosed documents and witnesses, (3) cannot depose any

24   of the newly disclosed witnesses, and (4) was unable to ask questions relating to the newly disclosed

25   documents during the depositions.  *Id.*

26          Defendant opposes the motion, and argues that the purported late disclosures were substantially

3

1    justified or harmless. (#103).  Defendant asserts that many of the documents are merely copies or

2    different versions of photographs or documents that were already produced to the plaintiff, and that the

3    other disclosures were made only recently because plaintiff changed her theory of the case in February

4    2012. *Id.*

5        The late disclosures were substantially justified.  Any harm can be mitigated by allowing

6    plaintiff to take depositions limited to issued raised by the three supplemental disclosures.  The court

7    finds that striking the disclosures is not appropriate, as defendant has not violated its obligations under

8    Federal Rules of Civil Procedure 26, but has supplemented its disclosures as the parties' theories of the

9    action have evolved throughout the discovery process.  Fed. R. Civ. P. 26(e)(1)("A party who has made

10   a disclosure under Rule 26(a)–or who has responded to an interrogatory, request for production, or

11   request for admission–must supplement or correct its disclosure or response:(A) in a timely manner if

12   the party learns that in some material respect the disclosure or response is incomplete or incorrect, and

13   if the additional or corrective information has not otherwise been made known to the other parties

14   during the discovery process or in writing; or (B) as ordered by the court.").

15       As plaintiff asserts that she has been deprived of the opportunity to depose certain witnesses

16   regarding certain disclosures due to the untimeliness of the disclosures, despite discovery being closed,

17   the court will permit plaintiff to conduct depositions of attorneys from the Alverson, Taylor, Mortenson

18   & Sanders law firm and the telephonic deposition of Christy Ragland.  The depositions, if deemed

19   necessary by plaintiff, shall be conducted within thirty (30) days from the date the court issues a ruling

20   on the pending dispositive motions (#91, #92, and #94).  The parties' Joint Pretrial Order shall be filed

21   within sixty (60) days from the date the court issues its ruling on the pending dispositive motions (#91,

22   #92, and #94).

23       Accordingly, and for good cause shown,

24       IT IS ORDERED that plaintiff Tara Ann Sherwin's Motion To Strike (#93) is GRANTED in

25   part and DENIED in part, as discussed above.

26       IT IS FURTHER ORDERED that plaintiff Sherwin may conduct the depositions of attorneys

from the Alverson, Taylor, Mortenson & Sanders law firm and the telephonic deposition of Christy

Ragland.  The depositions shall be limited in scope to issues raised by the late disclosures and shall be

conducted within thirty (30) days after the date the court issues a ruling on the pending dispositive

motions (#91, #92, and #94).

IT IS FURTHER ORDERED that the parties' Joint Pretrial Order shall be filed within sixty (60)

days after the date the court issues its ruling on the pending dispositive motions (#91, #92, and #94).

DATED this 30th day of May, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**