# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TARA ANN SHERWIN,)
)
    Plaintiff,) Case No. 2:11-cv-00043-MMD-GWF
)
vs.) **ORDER**
)
INFINITY AUTO INSURANCE COMPANY,) **Motion for Sanctions - #128**
)
    Defendant.)
)

This matter is before the Court in Plaintiff Tara Sherwin's Motion for Sanctions Pursuant to Fed.R.Civ.P. 16(f) (#128), filed on February 20, 2013; Defendant Infinity's Response to Plaintiff's Motion for Sanctions (#129), filed on February 26, 2013; and Plaintiff's Reply in Support of Motion for Sanctions, filed on March 7, 2013.

## BACKGROUND

Plaintiff Tara Ann Sherwin seeks an award of sanctions based on Defendant's alleged failure to participate in good faith during a mandatory settlement conference before Magistrate Judge Ferenbach on February 13, 2013. Judge Ferenbach recused himself from handling further matters in this case on February 14, 2013 and the case was reassigned to the undersigned magistrate judge.

Ms. Sherwin sustained bodily injury damages as the result of a motor vehicle accident that occurred on March 31, 2009 when her vehicle was struck by a vehicle operated by Manuel Flores-Rubio. *Complaint (#1)*, ¶7, *Order (#87)*.[1] Ms. Sherwin settled with Mr. Flores-Rubio for the

---

[1] The undersigned magistrate judge has not been provided with the parties' confidential settlement statements submitted to Magistrate Judge Ferenbach. The Court's recitation of the facts in this case are taken from Judge Mahan's statement of facts in *Order (#87)*, which denied Defendant Infinity's motion to bifurcate trial.

$15,000 limits of his liability insurance policy and made claim for the $15,000 limits of the underinsured motorist coverage of her automobile insurance policy issued by Infinity.  In a letter to Infinity dated December 30, 2009, Sherwin asserted that she had already incurred $11,543 in special damages and attached records from her treating physician who recommended that she undergo fusion surgery on her spine at an estimated cost of $150,000.  Infinity assessed Mr. Flores-Rubio as being 100 percent liable for the accident, but declined to pay the underinsured motorist coverage limits and instead offered $3,183 which was unconditionally tendered and paid to Plaintiff.  Infinity's position was based on the report of Dr. Anthony Serfustini who concluded that Ms. Sherwin's injuries were not as serious as her doctor opined.  Dr. Serfustini questioned Plaintiff's need for surgery and noted that she had returned to work as a dancer on the Las Vegas Strip. *Order (#87)*, pg. 2.  Ms. Sherwin's complaint alleges causes of action against Infinity for breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair claims practices in violation of NRS §686A.310.

On December 27, 2012, District Judge Du issued her Civil Standing Order (#119) in this case which states that, generally, a case will be referred to the assigned Magistrate Judge for a settlement conference pursuant to Local Rule 16-5 after dispositive motions are fully briefed.  The order further provides that the Court will usually stay the ruling on the dispositive motions to allow the parties the opportunity to first participate in the settlement conference.  Although no stipulation was required by the order, on January 2, 2013 the parties filed a stipulation to schedule a settlement conference pursuant to Local Rule 16-5 and Judge Du's Civil Standing Order. *Stipulation (#120)*.  Judge Du granted the stipulation on January 3, 2013. *Order (#121)*.  Magistrate Judge Ferenbach then issued his order on January 4, 2013 scheduling the settlement conference for February 13, 2013.

Plaintiff argues that Defendant did not participate in the settlement conference in good faith because Infinity made clear to the Magistrate Judge early in the settlement conference that it was not willing to make any further settlement offer to Ms. Sherwin.  Plaintiff argues that Defendant should have informed Plaintiff's counsel and Magistrate Judge Ferenbach of this position before the settlement conference was scheduled so that Plaintiff and the Court could have avoided a futile

2

settlement conference. Plaintiff's counsel also allege that they were misled as to Defendant's intentions, by its counsel's proposal that the parties execute the stipulation to conduct the settlement conference.

Defendant argues that it did not act in bad faith. Defendant has submitted an affidavit by its corporate counsel, John Franks, who attended the settlement conference on behalf of Infinity. Mr. Franks states that Infinity received notice that it was obligated to participate in a court ordered settlement conference. He further states: "The company determined that it would be best to participate in the settlement conference rather than oppose it." *Response to Motion for Sanctions (#129), Exhibit B, Franks Affidavit*, ¶ 3. Mr. Franks also states that "Infinity granted me full authority to settle the case on its behalf." *Id.* Mr. Franks further states Infinity's defense counsel submitted a confidential settlement conference statement in which "Infinity made it abundantly clear to the court that Infinity would be looking for additional facts to support any increased offer at the conference." ¶ 4. Because no such facts were presented to Infinity during the conference, it declined to make any new offer. ¶¶ 8, 9.

## DISCUSSION

The obligation to attend and participate in a mandatory settlement conference is governed by Rule 16(a)(5) of the Federal Rules of Civil Procedure and this District's Local Rule (LR) 16-5. Fed.R.Civ.Pro. 16(f) further provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate in good faith -- in the conference; or (C) fails to obey a scheduling or other pretrial order." Rule 16(f)(2) provides that instead of or in addition to any other sanction, the court may order the offending party, its attorney, or both to pay the other party's reasonable expenses, including attorney's fees, incurred because of any noncompliance with Rule 16, unless the noncompliance was substantially justified or other circumstances makes an award of expenses unjust.

Courts have imposed sanctions on a corporate party or insurer who fails to comply with an order that requires the party or insurer to have a representative with full settlement authority in personal attendance at the settlement conference. *See Aevoe Corp. v. Shenzen Membrane Precise*

*Electron, Ltd.*, 2012 WL 2244262 (D.Nev. 2012) (sanctions imposed because defendant's trial counsel and corporate representative with full settlement authority did not attend the settlement conference); *Pitman v. Brinker International, Inc.*, 216 F.R.D. 481 (D.Ariz. 2003) (same); and *Karahuta v. Boardwalk Regency Corp.*, 2007 WL 2825722 (E.D.Pa. 2007) (same).  As the court in *Aevoe Corp.* states:

> Rule 16(f) gives the court broad discretion to sanction attorneys and parties who fail to comply with reasonable case management orders of the court to insure that they "fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Matter of Sanctions of Baker,* 744 F.2d 1438, 1440 (10th Cir. 1994) (en banc).  The Ninth Circuit has held that the purpose of Rule 16 is "to encourage forceful judicial management." *Sherman v. United States,* 801 F.2d 1133, 1135 (9th Cir. 1986); See also Fed.R.Civ.P. 16(f) Advisory Committee's note ("[E]xplicit reference to sanctions reinforces the rule's intention to encourage forceful judicial management.")  Violations of Rule 16 are neither technical nor trivial.  *Martin Family Trust v. Heco–Nostalgia Enterprises, Co.,* 186 F.R.D. 601, 603 (E.D.Ca.1999).  Rule 16 is critical to the court's management of its docket and avoids unnecessary delays in adjudicating the court's cases. *Id.*  The Ninth Circuit has emphasized that a case management order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations and citations omitted).  Disregard of a court order undermines the court's ability to control its docket and rewards the indolent and cavalier. *Id.*

2012 WL 2244262, at *7.

Defendant Infinity argues that it complied with Rule 16(a) and the order scheduling the settlement conference by having a representative with "full settlement authority," Mr. Franks, attend the settlement conference.  This apparently means that Mr. Franks had the authority to make a settlement offer if he decided that it was in Defendant's interest to do so.  Infinity also argues that it acted in good faith by informing the magistrate judge in its written confidential statement and during the conference that it would make a further settlement offer only if Plaintiff presented new facts which justified a changed in its position.  Infinity relies on *A.T. Reynolds & Sons, Inc.*, 452 B.R. 374, 382 (S.D.N.Y. 2011) in which the court stated that "[i]t is well-settled that a court cannot force a party to settle, nor may it invoke 'pressure tactics' designed to coerce a settlement." (citation omitted.)   The court also stated that "although a court may require parties to appear for a settlement conference, (citation omitted) it may not coerce a party into making an offer to settle."

(citation omitted.)  *See also Acquisto v. Manitowoc FSG Operations, LLC*, 2012 WL 4722028, *3 (W.D.N.Y. 2012) ("[A]lthough courts may require parties to participate in mediation, they lack the power to sanction a party for refusing to make a settlement offer.").  Infinity also relies on *Whitfield v. Pick Up Stix, Inc.*, 2011 WL 3875330 (D.Nev. 2011) in which this Court held that a plaintiff in an employment discrimination lawsuit did not act in bad faith by declining to make a counter-offer in response to defendant's "generous settlement offer" during the mandatory Early Neutral Evaluation conference.

In *Pitman v. Brinker International, Inc., supra*, the court imposed sanctions on the defendant because it failed to have a company or insurance representative, with full settlement authority, in attendance at the settlement conference.  The order scheduling the settlement conference also contained an express provision which required counsel or an unrepresented party to notify the court prior to the settlement conference "if one or more of the attorneys or unrepresented parties believes that the Settlement Conference would be a futile act." 216 F.R.D. at 487 n. 15.  The court would then consider whether the settlement conference should be canceled or other forms of alternative dispute resolutions considered.  The order also instructed the parties to request a hearing if they disagreed on whether the settlement conference should go forward.  The court also sanctioned defendant for its failure to comply with this requirement of the order.

The Order Scheduling Settlement Conference (#122) in this case does not contain a provision similar to that in the order at issue in *Pitman*.[2]  As a matter of professional courtesy, Defendant's counsel arguably should have informed Plaintiff's counsel prior to the settlement conference that Defendant would not make any additional settlement offers unless Plaintiff produced new evidence or information that would materially alter Defendant's view of the case.  In

---

[2] The order scheduling settlement conference issued by Judge Ferenbach is substantially the same as the orders issued by the undersigned and other magistrate judges in this district.  It may be a good idea to include a provision similar to that in the order at issue in *Pitman.*  It has been the undersigned's experience, however, that it is relatively uncommon for a party to refuse to negotiate at all during a court mandated settlement conference.  Cases are also sometimes settled during the settlement conference, even though the parties did not believe that settlement was likely to occur prior to the settlement conference.  The Court is therefore reluctant to adopt a procedure which might encourage parties to seek to opt out of a settlement conference.

the absence of an express requirement for such a communication in the order, however, the Court will not impose sanctions on Defendant or its counsel for failing to notify Plaintiff of its position prior to the settlement conference. Plaintiff has not shown that Defendant or its counsel made any express representations that falsely led Plaintiff's counsel to believe that Defendant would be willing to offer additional sums during the settlement conference. Defendant's execution of the stipulation to schedule the settlement conference does not, in and of itself, support a finding that Defendant misled Plaintiff or the Court about its position on settlement. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions Pursuant to Fed.R.Civ.P. 16(f) (#128) is **denied**.

DATED this 19th day of March, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge