UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TARA ANN SHERWIN,<br><br>    Plaintiff,<br><br>vs.<br><br>INFINITY AUTO INSURANE COMPANY, DOES I – X, and ROE CORPORATIONS I – X, inclusive,<br><br>    Defendants. | 2:11-cv-00043-APG-GWF<br><br>**ORDER** |

Currently before the Court are Defendant Infinity Auto Insurance Company's two Motions for Relief from Order (Dkt. ##116, 127).

**MOTION FOR RELIEF FROM ORDER DENYING MOTIONS FOR PARTIAL SUMMARY JUDGMENT (Dkt. #116)**

On October 30, 2012, the court denied (Dkt. #115) without prejudice Defendant's Motions for Partial Summary Judgment (Dkt. ##91, 92, 94) for failure to comply with Local Rule 7-4. Local Rule 7-4 provides that motions shall be limited to thirty (30) pages excluding exhibits. On November 1, 2012, Defendant filed a Motion for Relief from Order (Dkt. #116) requesting that the court accept a Motion for Partial Summary Judgment, attached as Exhibit 1 thereto, in which Defendant consolidated the three previously-denied motions into one motion totaling 17 pages. The Motion for Relief is filed pursuant to Rule 60(b)(1), which allows relief from a final order on the basis of mistake, inadvertence, surprise or excusable neglect. FED. R.

CIV. P. 60(b)(1). Plaintiff opposes the request to file a single motion for partial summary judgment because the deadline for dispositive motions has passed.

The court construes Defendant's Motion (Dkt. #116) as a request to file a motion for partial summary judgment past the deadline for dispositive motions. The court will not reconsider the previous denial of the three motions for partial summary judgment. However, Defendant may file its proposed consolidated motion for partial summary judgment, as the request was filed in a timely manner after the court's denial without prejudice of the previous motions.

## MOTION FOR RELIEF FROM ORDER DENYING BIFURCATION OF TRIAL
### (Dkt. #127)

On February 23, 2012, the court denied (Dkt. #87) a Motion to Bifurcate (Dkt. #84). On February 19, 2013, Defendant filed a Motion for Relief from Order (Dkt. #127) pursuant to Rule 60(b)(6), requesting that the court reconsider its previous denial of the Motion to Bifurcate based on expert testimony taken on February 21, 2012. Federal Rule of Civil Procedure 60(b)(6) provides that a court may relieve a party from a final order for any reason that justifies relief. FED. R. CIV. P. 60(b).

Plaintiff argues that Rule 60(b) is inapplicable to interlocutory orders. An order denying a request to bifurcate the trial is interlocutory, and may be revised at any time before the entry of final judgment. *See* FED. R. CIV. P. 54(b). While Rule 60(b) applies only to final judgments and orders, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis and citations omitted). The District of Nevada uses the standard for a motion to alter or amend judgment under Rule 59(e) when a party seeks reconsideration of an interlocutory order. *Antonetti v. Skolnik*, No, 3:10-cv-00158-LRH-WGC, 2013 Wl 593407, at *1 (D. Nev. Feb. 13, 2013) (citations omitted). Accordingly, reconsideration is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that

2

was manifestly unjust, or (3) there is an intervening change in controlling law." *Sec. Exch. Comm'n v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citations omitted). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

Defendant has not presented any credible reason for the court to reconsider the prior order. The deposition testimony obtained a year before Defendant filed the Motion for Relief from Order is insufficient to justify reconsideration. Defendant quotes Jeffrey Stempel's deposition testimony and claims that the testimony "clearly states that Plaintiff intends to pursue a claim that requires a pre-requisite before an outcome can be determined." (Dkt. #127 at 4:28-5:2.) Stempel's testimony actually states that valuation of the injuries is not required for the jury to determine whether Defendant engaged in unfair practices. Even if Mr. Stempel testified to an opinion that the trial must be bifurcated, which he does not, Defendant has provided no compelling reason that the court must reverse its prior decision concluding that bifurcation is not required under Nevada law or Rule 42(b). For that reason, the Motion for Relief from Order is denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Relief from Order (Dkt. #116) is **GRANTED**. Defendant may file its consolidated motion for partial summary judgment on or before August 13, 2013. The response and reply shall be filed in accordance with Local Rules.

**IT IS FURTHER ORDERED** that the Motion for Relief from Order (Dkt. #127) is **DENIED**.

DATED this 6th day of August, 2013.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE